The Chief Justice
delivered the opinion of the court.*
This was an action of detinue for sundry slaves. The declaration alledges “that the plaintiff, in the superior court holden for the county of Fauquier, state of Virginia, off the 12th day of October, 1809, commenced an action of dey; iinue against the said defendant, for a negro woman named Cate, a boy named Sampson, and a girl named Rachel, thj£ .proper goods and chattels of him, the plaintiff, which cause came on regularly for trial, and a judgment Wits rendered ia favor of the plaintiff⅛ right to said negroes': on the 14Ü» day of April, 1812, two of these negroes,'to wit, Cate and Rachel, the defendant run off to this state, and the negro woman Cate has had two children, to wit, Malinda and Vincent, which negroes are the property of him the said plaintiff, and are worth the following sums, to wit: — ' Cate $400, Rachel $400, Malinda $300, and Vincent $300. Nevertheless the defendant, though sensible of the premises, will not deliver the said slaves, &c.”
The first question arising in this case is, whether the declaration is sufficient to authorise a judgment in favor of the plaintiff for the slaves, in the declaration mentioned.
the researches we have had an opportunity of making l,P011 this subject, we have not been able to find any pte-cedent of' an action of detinue being brought upon a judg-menpin a former action of detinue, and from the reason of the thing, it would seem that such an action would not lie. The form of the judgment being for the specific thing, if to’ [,e {íac¡) a¡lc¡ if ,¡0j; for its value, with damages for its detention, presupposes that the defendant may fail or refuse ⅛ dsliver the thing, notwithstanding the execution of the distringas, the only process used for the purpose of-coercing1 the deli very. It is accordingly laid down, that the defend* ant ¡ias kis election to deliver the thing, or pay its value,' , ° 4 J *395 Com. Digest, 12, Selwin’s Np. “Detinue,” pa. 593. But the judgment for the value, though conditional, is imperative; and if the thing is not delivered, its value may bele-vied in despite of the defendant. The. judgment in deti-tinue may be, therefore, compared to the case of a contract for the payment of money, which may be discharged by the the delivery of property, in which case the action must be brought foi the non-payment of the money, and not for the failure to deliver the property; because the latter, like the delivery of the thing for which a judgment is recovered in detinue, is at the election of the defendant. But there is a further objection to such an action lying upon a judgment in detinue, because the known forms of declaring in the action, do not correspond with the form and effect of the judgment; for that being not only for the thing or its value, but also for damages for its detention and costs; whilst the count in detinue simply complains of the detention of the thing, it is plain that there is a total inaptitude between them, and that consequently, upon such a count there could pot be a recovery, according to the effect of the judgment.
in a contract í'>1’nÍ1ief ^0" ™e,n may be ⅛-cha;S'ed by. for ⅛ imp to deliver the pro-the money, & not for 'the j.adl’re tn d'5' Uver
^ (M™« ¡f ¡>⅛ afi terju iijnient. ⅛ property.' vlych is á£al , naymamtain a nciv action,-fhrthesrcmvl newc^use'm action.
It was contended in argument, that the declaration would )fce good without the averment of the recovery of the judgment in Virginia, and that the averment might, therefore, be regarded as surplusage.
There is no doubt that the declaration would have been \a itself good, without such an averment; but since the averment has been made, it cannot be considered as surplusage, unless it were admitted that the recovery in one action of detinue would be no bar to another action of detinue for the same thing. But this is a doctrine that cannot be conceded to be correct, for it would be directly contrary to the maxim “nemo debet bis vexari, pro eadem causa.” If, indeed, the plaintiff, after the recovery of a judgment, should obtain the possession of the thing sued for, and it should again come to the hands of the defendant, a new action of detinue might, beyond question, be maintained; for in that ease there would be a new causeof action. But where ihe plaintiff has not, after the recovery of the first judgment, regained the possession, and there has been but one coa-tinued detention by tlie defendant, there can be but one cause of action, and tp a recovery in a second 'action the judgment in the first 'would, most indisputably, be a cop-elusive bar. ■ . -
Jt must, indeed, be admitted an. imperfection in the law *396 f o permit a party to elude the recovery of a specific thing', for which a judgment is given, by elotning or removing it from the jurisdiction of the court giving such judgment, as js alledged to be the case in this instance. But it is an imperfection which is expressly admitted to exist bv the best writers upon the subject of the common law. Thus Blackstone, after remarking upon the process for enforcing a judgment in replevin or detinue, observes, “that after all, “in replevin and detinue, (the only actions for recovering “the specific possession of personal chatties) if the wrong “doer be very perverse, he cannot be compelled to a restitution of the identical thing taken or detained, but he still “has bis election to deliver the goods or their value, an imperfection in the law that results from the nature of per-tona! property which is easily concealed or conveyed out “of the reach of justice, and not always amenable to the “magistrate.” 3d Blacks. Com. 413.
fi. Hardin for appellee.
Judgment reversed with cost, and the cause remanded, that the suit may be dismissed with cost.
On rendering this opinion, the counsel for the appellee petitioned the court for a rehearing; but upon consideration, the court, at the spring term 1819, ordered the opinion to Stand unaltered and affirmed.

Absent, Judge Logan.